TOWN OF LENOX *vs.* KATE OGLESBY & others.

Berkshire.    February 4, 1942. — March 31, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Tax,* On real estate: assessment, taking.

In the circumstances of their use together, a finding was warranted that two tracts of country land separated by a road properly were assessed in 1934 as one parcel to one who had owned them since 1928 and had not filed any real estate list with the assessors nor requested an assessment of the tracts separately.

An assessors' tax list was not in the circumstances defective as to its description of the uses of buildings on parcels of land assessed as "house," "garage," "storage house," "potting house," "ice house," and "shed"; nor as to its description of the land upon which the buildings were situated merely by lot numbers with a statement of the number of acres included and the value of the land.

In the circumstances, a finding, that there was no substantial or misleading error nor irregularity in the proceedings of a tax collector in a taking of real estate in 1936 for nonpayment of taxes, was warranted although the instrument of taking stated only the amount of the tax with interest and a charge of thirty-five cents for a demand and there were omitted certain other allowable incidental costs and expenses to the date of taking; and the tax title was not invalid.

PETITION, filed in the Land Court on October 2, 1939, for foreclosure of a tax lien.

The case was heard by *Fenton,* J.

*F. deL. Cunningham,* for the respondents Oglesby.

*J. M. Rosenthal,* (*C. J. Broderick,* Town Counsel, with him,) for the petitioner.

Cox, J.   This is a petition to foreclose the rights of redemption in land taken by the petitioner in 1936 for nonpayment of taxes assessed in 1934 to the respondent Kate Oglesby, the owner of the land.   The judge of the Land Court, whose decision is made a part of the bill of exceptions, made findings of fact, denied certain requests of the respondents for rulings, ruled that the tax taking was valid, and, inasmuch as there had been an offer to redeem by the

respondents, if the taking was determined to be valid, ordered that the case stand for further hearing on the matter of redemption. The respondents Mrs. Oglesby and her husband, who has an inchoate right of curtesy, excepted. The exhibits mentioned in the decision of the judge are, by reference, incorporated in and made a part of the bill of exceptions, which concludes with the statement that "All of the evidence material to these exceptions is set forth above or comprised in the papers and exhibits incorporated herein by reference." Apart from the exhibits, however, there is no evidence reported. We proceed to consider the case upon the basis of the facts, subsidiary and ultimate, contained in the decision of the judge and the documentary evidence. See *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48, 50, 51; *McCarthy* v. *Lane*, 301 Mass. 125, 127; *Boston* v. *Cable*, 306 Mass. 124, 126.

The respondents contend that the petitioner's tax title is invalid because it is based upon the supposed lien of a single tax levied generally upon two parcels of land, disconnected and sharply and distinctly divided by use and character, which should have been assessed separately. Sometime, apparently in 1928, Mrs. Oglesby's husband purchased over eight hundred twenty-one acres of land in Lenox, including the land involved in the case at bar. Shortly thereafter he engaged a surveyor and indicated certain parts of the property that he wished to be designated as separate parcels. This was done, a plan was made for the purposes of sale, and a copy of it was given to the petitioner's tax collector by Mrs. Oglesby's husband, who told him that it was for the purpose of assisting in assessing the property. No request, however, was ever made to assess the parcels separately, nor was any real estate list given or sent to the assessors by either of the respondents. Parcels 7 and 8, as indicated on the plan, were conveyed to Mrs. Oglesby by her husband in 1928, and she has been the owner ever since. These two parcels of land are respectively parcels 1 and 2 in the deed to her and in the notice and instrument of taking. For a good many years prior to 1928, parcels 7 and 8, and two other sizable areas adjoining, had been

used by the then owners as one estate. Parcel 7 consists of about seventy-five acres, on which there is a large residence and other buildings, hereinafter referred to. Across a country road from this parcel is parcel 8, consisting of about nine and one half acres, and prior to 1928, the owners of the two parcels and the adjoining land used the stables or barns on parcel 8 for farm purposes. There is now only one stable or barn on this parcel. Since 1928 the respondents have occasionally stabled horses there and have permitted other uses by a neighbor. Prior to 1934, this parcel was fenced, and there is also a fence across the road in front of parcel 7. These two parcels (7 and 8) were assessed to Mrs. Oglesby in 1934 as a single parcel with a single valuation. The judge found as a fact that both parcels were used as one estate and have remained as one estate from 1934, and that the assessment of them as one parcel was valid.

The applicable law relating to the assessment of taxes on real estate and the method of assessment is found in G. L. (Ter. Ed.) c. 59, §§ 11, 43–46. Appended to § 45 of said c. 59 are forms with uniform headings for valuation lists of the assessors' valuation books which call for a description, by name or otherwise, of each and every lot of land owned by each person, and the value of the same. See *Shruhan* v. *Revere*, 298 Mass. 12.

There is no hard and fast rule that can be applied universally to guide assessors in determining whether parcels of land are to be assessed separately or together. In some instances the facts may be too clear to permit argument, and in others there may be real difficulty. The question now under consideration has been discussed in several cases, many of which are collected in *Marlborough* v. *Poorvu*, 305 Mass. 124. The respondents concede, rightly as we think, that no single factor is decisive of the issue. From the entries in the valuation books, it appears that all of the real estate assessed to Mrs. Oglesby is comprised in the lots in question. It is difficult to see how she or her husband could be misled by the entries. See *Bemis* v. *Caldwell*, 143 Mass. 299. It is not suggested that any injury has arisen to them

in assessing the two parcels or lots as one, unless thereby the law was not complied with. In this connection, it is to be recalled that no list of the respondents' real estate was given or sent to the assessors. (See G. L. [Ter. Ed.] c. 59, § 29; St. 1933, c. 254, § 34.) The failure of Mrs. Oglesby to bring in such a list is not necessarily fatal to an application for abatement. (See § 61 of said c. 59 as amended by St. 1933, c. 165, § 2.) Nevertheless, it is not unreasonable to assume that if such list had been brought in seasonably, the assessors would have followed it in making the assessment. See *Westhampton* v. *Searle,* 127 Mass. 502, 506. We are of opinion that the finding of the judge that both parcels of land constituted one estate should stand, and that there was no error in the refusal of any of the rulings requested relating to this issue. The case at bar is distinguishable from *Shruhan* v. *Revere,* 298 Mass. 12.

The respondents also contend that the petitioner's tax title is invalid by reason of defects or omissions in the valuation and assessment list of 1934 and in the instrument of taking, in three particulars, that is, (1) that the list did not enumerate and describe by naming their uses the several buildings on the land assessed; (2) that the list did not describe the land so that it could be identified; and (3) that the instrument of taking did not contain a statement of the incidental expenses and costs to the date of the attempted taking, and hence did not correctly state the amount of the tax lien upon the land.

The forms appended to § 45 of said c. 59, already referred to, contain a heading entitled, "Buildings of all kinds, described by naming their uses." The valuation list of Mrs. Oglesby's assessment contains the following items: house $50,000; house $100; garage $2,500; storage house $500; potting house $100; ice house $200; garage $250; shed $250; shed $100. The judge found that the descriptions of the buildings and of the land in the valuation list fairly designated the premises for the information of the taxpayer and those interested and "were such that the respondents and nobody else were or could have been misled and were such that anyone could ascertain with reasonable

certainty the property taxed." We are of opinion that the buildings were adequately described as to use.

From the description of the buildings in the valuation list, there would seem to be no difficulty in ascertaining their uses. The words used are not uncommon or misleading. It is true that the judge was more detailed in his general description of the buildings, as, for example, when he stated that there was a large residence of thirty rooms, a tool house, a large garage with servants' quarters and a small garage for the use of "the help." It would also seem that he described the sheds, so designated in the list, as stables. These descriptions of the judge, however, were made in describing parcels 7 and 8, and we are of opinion that they do not affect his finding as to the sufficiency of the descriptions used by the assessors.

The second particular is that the land itself was not sufficiently described. The judge's finding, already referred to, is that this description fairly designated the premises. The only entry relating to the land on the valuation list under the heading "Description, by name or otherwise, of each and every lot of land owned by each person" is "No. 7–8." Under appropriate headings, however, the number of acres is given as eighty-five, and the value of the land as $15,000. The buildings, for all that appears, were buildings belonging to the land in question. In the case of *Bemis* v. *Caldwell*, 143 Mass. 299, it was said, in effect, as to the statutes regulating the assessment of taxes and containing numerous provisions as to the powers and duties of assessors, that substantial compliance is required; that most of the requirements are intended as directions to the assessors, designed to secure regularity and uniformity in the proceedings of the numerous boards of assessors throughout the State, and that it has always been held that a noncompliance by the assessors with the strict requirements of the statutes, if it does not affect the rights of the taxpayer, does not render the tax invalid. (Pages 300 and 301.) In that case the description in the valuation list was, in some respects, similar to the descriptions in the case at bar, as, for example, "House, Weston St. $3200. . . . Stable, $400.

Greenhouse, $200: Land, 6 acres, $1800," and it was said, at page 301: "Taking the whole description, it would naturally be understood as intended to describe the tract of land upon which the buildings named stood. The owners would not be misled by it. The failure to give a more particular description of the land could not injuriously affect their rights, and we are of opinion that such failure does not invalidate the assessment."

It is to be observed that the form of the valuation list used in the case at bar, at least in so far as it relates to the description of land and buildings, has been in use since first required by St. 1861, c. 167, § 1. The valuation list gave the aggregate value of Mrs. Oglesby's real estate, consisting of the valuations placed upon parcels 7 and 8, as one parcel, and the buildings therein described. In *Marlborough* v. *Poorvu,* 305 Mass. 124, it was said, at page 127, that the fact that the sum of the valuations of the land in question appeared in the column entitled "Aggregate value of real estate," showed merely that the same owner was taxed for no other parcel in the city. In the case of *Roberts* v. *Welsh,* 192 Mass. 278, it was said that by the requirement as to the description of property in the valuation list, it was not intended that such a description should necessarily be accurate in detail for the purpose of a conveyance, and that it is enough if it fairly designates, for the information of those interested, the property intended to be taxed. (Page 280.) See *Welch* v. *Haley,* 224 Mass. 261, 264; *McDonough* v. *Everett,* 237 Mass. 378, 382. Land and buildings upon it are ordinarily parts of the same real estate, and they cannot be separated for the purpose of collecting taxes. They constitute a single estate upon which a single and indivisible tax is levied, and the separate valuation of the buildings is required merely to secure a more specific valuation of what constitutes but one item of real estate. *Massachusetts General Hospital* v. *Somerville,* 101 Mass. 319, 327–328. *Hamilton Manuf. Co.* v. *Lowell,* 185 Mass. 114, 117. *Friedman* v. *S. S. Kresge Co.* 290 Mass. 114, 115. We are of opinion that the description of the land was a substantial compliance with the statute, and that there was no error in the

denial of the respondents' requests relating to this particular.

The third particular, as to the alleged invalidity of the petitioner's tax title, remains to be considered. General Laws (Ter. Ed.) c. 60, § 54, as appearing in St. 1933, c. 325, § 7, provides, among other things, that the instrument of taking shall contain a statement of the amount of the tax and the incidental expenses and costs to the date of taking. The instrument of taking, in the form approved by the commissioner of corporations and taxation (see G. L. [Ter. Ed.] c. 60, § 105, as appearing in St. 1933, c. 168, § 3), states the amount of Mrs. Oglesby's tax with interest. The only item of expense or cost appearing therein is that of thirty-five cents for the demand of the collector of taxes. The advertisement in a newspaper of the taking is attached to the instrument of taking. Section 53 of said c. 60, as appearing in St. 1933, c. 164, § 3, contains provisions for notice by the collector of the taking of land for unpaid taxes. This notice may be served in the manner required by law for the service of subpoenas on witnesses in civil cases, or may be published, and shall conform to the requirements of § 40 of said c. 60, which, among other things, provides that the notice shall contain a substantially accurate description of the land, the names of the owners and the amount of the tax assessed. Section 55 of said c. 60, appearing in St. 1933, c. 325, § 8, provides that the charges and fees fixed by § 15 of said c. 60 shall be allowed to the collector and added to the tax, as well as the cost of recording the instrument of taking, provided it is duly recorded. Although provision is made by said § 15 for an allowance of advertisement of "sale" in newspapers, there does not appear to be any allowance provided for advertisement of the taking that is a permissible form of notice under said § 53. Provision, however, is made for the allowance of fees to the collector by said § 15 if the demand and notice under § 53 are served as upon witnesses in civil cases. But in any event, we think it is apparent that the incidental expenses and costs to the date of taking in the case at bar could not have been much. Nevertheless, § 54 of said c. 60 requires

that these items, whatever they are, shall be stated in the instrument of taking. The Legislature, however, in the concluding section of said c. 60 (§ 105), which relates to the collection of local taxes, provided that the forms thereto appended may be used in proceedings for the collection of taxes, "and, if substantially followed, they shall be deemed sufficient for the proceedings to which they respectively relate; but other suitable forms may also be used." Form No. 14 in this schedule, entitled "Form of Taking of Real Estate under Section 54," contains no reference to costs or charges, beyond those due at the time of the demand, and there is no appropriate place for the insertion of the amount of any incidental expenses and costs. But said § 105 was amended by St. 1933, c. 168, § 3, so as to provide that forms to be used in the proceedings for the collection of taxes under c. 60, and of all assessments which the collector is authorized or required by law to collect, shall be as prescribed by the commissioner of corporations and taxation. See now St. 1941, c. 258, § 4. The form of the instrument of taking that was used in the case at bar, approved by the commissioner, is not materially different from the form theretofore prescribed by the Legislature, except that in the clause where the collector alleges that the taxes, at the date of the instrument, still remain unpaid, the words "and the incidental expenses and costs" have been added. But as in the case of the form prescribed by the Legislature, so in the case of the form approved by the commissioner, there is no appropriate space or place for the insertion of the amount of incidental expenses and costs unless by interlineation or addition. The burden that has been imposed upon the commissioner relative to tax forms is no light one, and it may seem that there was some excuse for not making appropriate provision in the form approved by him for the insertion of the amount of the incidental expenses and costs, inasmuch as the Legislature itself did not seem to think that this was necessary, as indicated by the language of said § 105, before it was amended, and the form prescribed, which "if substantially followed . . . shall be deemed sufficient for the proceedings to which they respectively relate."

General Laws (Ter. Ed.) c. 60, § 37, as appearing in St. 1936, c. 146, contains a provision, among others, to the effect that no tax title shall be held to be invalid by reason of any error or irregularity in the proceedings of the collector that is neither substantial nor misleading. See now St. 1941, c. 84. This provision has been a part of the tax law since at least 1915. See St. 1915, c. 237, § 17. This clause of the statute was considered in the case of *Fall River* v. *Conanicut Mills*, 294 Mass. 98, and there is no occasion to repeat what was there said. In the case at bar the judge found that there was "no error or irregularity of the collector's proceedings" that was either substantial or misleading. The respondents contend, however, that the case at bar comes within the case of *Wood* v. *Wilson*, 256 Mass. 340, where it was held that an excessive charge by the collector of twenty cents rendered the tax title invalid. In that case there is no reference in the opinion to the provisions of said § 37, but regardless of this, we are of opinion that the case at bar is distinguishable. In that case, clearly there was a charge that was not authorized by the statute. See *Koch* v. *Austin*, 225 Mass. 215. In the case at bar, at most, there is an omission in failing to state some possible charges or expenses. Prior to the amendment of said § 105, it seems apparent that the Legislature did not consider such an omission as material. The omission could not harm the respondents. On the whole, we are of opinion that the finding of the judge was right, and that there was no error in the denial of the requests for rulings, in so far as they related to this matter.

It follows from what has been said that there was no error.

*Exceptions overruled.*