In the Matter of LAKELAND FARMS COMPANY, Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, November 1, 1972.

*Schiano & Poyzer* (*Charles A. Schiano* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondent.

REYNOLDS, J. This is a proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court, Albany County) to review a determination of the State Tax Commission, which denied petitioner an exemption from the highway use tax under subdivision 3 of section 504 of the Tax Law.

Petitioner, a partnership whose business is the production of eggs for market, owns approximately 500,000 chickens which are continuously sold and replenished. At the time this action arose, petitioner leased two farms in New York: one at Dresden, the other 17 miles west at Middlesex. The Dresden farm was the principal place of business and it contained office space, garage

facilities, storage facilities, egg production facilities and coop facilities for 90,000 hens used in egg production. In addition to these two farms, the petitioner maintained chicken and egg production at 42 contract farms. These were owned and operated by others who were under contract to petitioner and approximately 400,000 of its hens were located at these various farms which were within a 60-mile radius of Dresden. To maintain this operation, petitioner used several motor vehicles. Two tractor-trailers were used to haul feed from the mills at Buffalo and Depew to all the farms in the system and two other vehicles were used to transport eggs from farms to Dresden and from there to market. In July, 1966 and February, 1968 respondent assessed a total of $13,511.55 in highway use taxes against these vehicles for the period covering May, 1965 to December, 1967. Petitioner paid these taxes, plus interest and penalties, under protest. It claimed that since it was a farmer and the vehicles were used exclusively for its farming operations, that it was exempt from the tax under subdivision 3 of section 504 of the Tax Law.

Subdivision 3 of section 504 exempts from the applicability of the highway use tax any vehicular unit: "Owned and operated by a farmer and used exclusively by such farmer in transporting his own agricultural commodities and products, pulpwood or livestock, including the packed, processed, or manufactured products thereof, that were originally grown or raised on his farm, lands or orchard, or when used to transport supplies and equipment to his farm or orchard that are consumed and used thereon or when operated by a farmer in transporting farm products from farm contiguous to his own". The crucial words in subdivision 3 for the purposes of this litigation are "his farm", "exclusively" and "contiguous". The mere fact that petitioner is a farmer does not automatically entitle it to the exemption. The statutory language is clear and explicit; petitioner must meet the stated conditions or it cannot claim the exemption.

The term "his farm", it is conceded, includes one owned or leased by a farmer. Thus the Dresden and Middlesex farms clearly qualify, but the contract farms in our opinion do not. The contractual arrangement between the petitioner and the contract farms indicates that the relationship is not that of landlord and tenant but either that the contract farms were independent contractors or bailees. The fact that the contract farmer at all times had possession and control of the hen facilities on his property coupled with the fact that petitioner had to remove

the flock in case of a breach clearly indicates no lease was intended. Nor can the contract farmer be considered an agent or employee of petitioner as that status was specifically negated by the contract.

As to the term " exclusively " as utilized in subdivision 3, the question is whether it applies to individual hauls or to an over-all time period. Petitioner insists that " exclusively " must be interpreted in light of the *purpose of the individual haul* citing as authority, 1953 Opn. Atty. Gen. 195, which states: " A farmer who uses a motor vehicle * * * for a purpose other than those stated in § 504.(3) loses his exemptions under Art. 21 *as to all mileage so traveled* on public highways during the taxable period involved ". (Emphasis added.) However, in construing this opinion it depends on whether the emphasis it put on italicized words or the last phrase " during the taxable period involved " and under the tax regulations, the State Tax Commission holds that *any* nonexempt use of the vehicle destroys the exemption in its entirety and *all* mileage, regardless of the purpose of the haul, is subject to taxation (see, especially, 20 NYCRR 471.5, example 3). Moreover, a general rule of strict construction is applied to tax exemptions which favors construction against the exemption (*Matter of Schwartzman,* 262 App. Div. 635, affd. 288 N. Y. 568; *County of Herkimer* v. *Village of Herkimer,* 251 App. Div. 126, affd. 279 N. Y. 560) and the burden is on the one claiming the exemption to show the statute clearly grants the exemption (*Matter of Schwartzman, supra*). In the instant case petitioner has merely offered a possible interpretation of the statute. He has not shown that he is entitled to the exemption. Accordingly, petitioner cannot claim the exemption for the mileage involved in transporting agricultural commodities, etc., to and from his farms in Middlesex and Dresden as the vehicles are used for nonexempt purposes also (notably, the transportation of feed, commodities, poultry and eggs to and from the contract farms).

Petitioner's final argument is that this court should construe the word " contiguous " as utilized in the last portion of subdivision 3 broadly to recognize the practices of modern agriculture. Petitioner's farming operations, however, are clearly not " contiguous " by any reasonable definition that could be applied, and, if the granting of the exemption is not in tune with the practices of modern agriculture, it is not for this court to make any necessary adjustments but rather is the prerogative of the Legislature.

Accordingly, the exemption was properly denied.

The determination should be confirmed, with costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and KANE, JJ., concur.

Determination confirmed, with costs.