**Douglas Lantman and Elizabeth Lantman v. The Town of Hinesburg**

**Howard Lyman and Pierette Lyman v. The Town of Hinesburg**

[349 A.2d 888]

No. 133-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed December 2, 1975

*Roger E. Kohn,* Hinesburg, for Plaintiffs.

*Lisman & Lisman,* Burlington, for Defendants.

**Smith, J.** This is an appeal from the Chittenden Superior Court, which affirmed the Town of Hinesburg's real estate tax assessment of appellants' properties. By decision dated September 7, 1972, the Hinesburg Board of Civil Authority assessed appellants', Lymans and Lantmans, properties.

The Lymans' first parcel, for convenience designated as Lot 16, is 100 feet wide, 145 feet deep and fronts on Lake Iroquois. It was assessed at 20 dollars per lake-front foot for a total of 2,000 dollars for the 100-foot frontage.

The Lantmans' lake-front properties, for convenience designated as Lots 15 and 15A, which abut, have a total of 375 feet of frontage and depth of 100 feet. At 20 dollars a lake-front foot the total valuation was 7,500 dollars.

These valuations of appellants' lake-front properties are not contested, except it is contended that a 200-foot depth should have been included in the appraisal. Two hundred feet would reach into appellants' rear parcels, which are, for purposes of this opinion, designated as Lymans' Lot 18 and Lantmans' Lot 17. Lot 18 is 2.42 acres behind and bounding on Lymans' Lot 16. Lot 17 is 2.5 acres to the rear of and adjoining Lantmans' Lots 15 and 15A.

The two rear parcels, Lots 17 and 18, were valued at 3,000 dollars per acre. Lot 18 totaled 7,500 dollars for the 2.5 acres, and Lot 17 was assessed for 7,260 dollars. These valuations are contested in this appeal.

The rear portions also contain a private right-of-way, 50 feet in width with a length of 400 feet in Lot 17, and 125 feet in Lot 18. The right-of-way was assessed at the 3,000 dollar-

an-acre figure as part of the two hind properties. This valuation is also contested.

Appellants appealed the decision of the Hinesburg Board of Civil Authority to the Chittenden Superior Court. The bases for that appeal were the same as those presented here. The lower court found that the formula for appraising property fronting on Lake Iroquois was 20 dollars a front foot for the first 200 feet in depth. Beyond 200 feet and up to 600 feet, it was found that all of the property was appraised at 3,000 dollars per acre.

In light of those valuation methods, the court upheld the assessments, except the portions of the rear lots which were behind the 600-foot limit were re-evaluated at 125 dollars per acre. No mention was made in the lower court's order or findings of fact of the back lots' sections lying within the private road, and no conclusions of law were made.

■ The first issue raised by appellants concerns the court's failure to extend the lake-frontage assessment to include a 200-foot depth. The original assessment was to the depth of the front lots only, less than 200 feet. By including only the front parcels in that rate, the town essentially taxed the portion of the rear lots within the 200-foot measure twice. The measurement should not have been by lot boundaries. The appellants received their front and rear portions by separate deeds at different times, but presently their properties form one parcel for each owner. The fair market value of appellants' land should not be affected by the chance event that they happened to obtain 200 feet of depth by means of two deeds, rather than by one. 32 V.S.A. § 4041.

The second issue raised concerns the valuation of appellants' rear parcels, Lots 17 and 18, at 3,000 dollars per acre.

■ The lower court, in its findings of facts, noted the restrictive covenants delimited in appellants' and Pine Shore Association's deeds to the hind parcels. According to the restrictions, a residential structure may be erected on only one of the front or rear portions. Nor may the two parcels be sold separately. By the deeds, the easterly portions of the rear parcels are subject to a right-of-way for ingress and egress from the other Pine Shore Association lots. The lower court

found that the 3,000 dollar-per-acre figure is one used for camp lots lying between 200 and 600 feet away from the lake, which have no lake frontage, but which have access to Lake Iroquois. The lower court noted that this method of appraisal is used regardless of restrictive covenants. And, it determined that the fair market value of the rear lots within the 600-foot limit was 3,000 dollars an acre. The lower court also stated that appellants had offered no evidence of how the restrictive covenants affected the value of the rear lots. However, even without that evidence the restrictive covenants meant that the rear portions plainly did not have the characteristics of the rear-lot category. Since that category was the method of determining fair market value, the properties were mis-assessed. 32 V.S.A. §§ 3481 and 4041; *Town of Barnet* v. *Central Vermont Public Service Corp.*, 131 Vt. 578, 581, 313 A.2d 392 (1973). The lower court erred in not considering the restrictive covenants, including the right-of-way restrictions, in the fair market value of the properties. *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 137, 300 A.2d 891 (1973).

Appellees contend that the valuations were consistent with comparable properties along the lake. As we have noted above, because of the covenants, appellants' properties were not comparable to front and back lots along the lake which were without those restrictions. *Bookstaver* v. *Town of Westminster, supra*, 131 Vt. at 143. The lower court found that "the premises of adjacent landowners, similarly situated and subject to the same restrictive covenants, were also appraised at $3,000 per acre." The failure of those owners to appeal should not dictate, in the present case, consistency with their mis-assessments. 32 V.S.A. § 4467.

The case is remanded to the lower court for further proceedings consistent with our ruling that the first 200 feet of appellants' property be included in the 20 dollar-per-front-foot valuation, and with our conclusion that restrictive covenants be considered by the assessors in determining the category for the fair market value of appellants' rear parcels.

*The lower court's ruling is reversed and the cause is remanded.*