Board of Taxation
No. 7314

LANE F. FEARON & *a.*

v.

TOWN OF AMHERST

June 30, 1976

*Eaton, Eaton, Moody & Solms* and *Robert I. Eaton* for the plaintiff, filed no brief.

*Enright, Lizotte & Drescher (William R. Drescher* orally) for the defendant.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general *(Mr. Cleaveland* orally), for the Board of Taxation and Commissioner of Revenue.

KENISON, C.J.    This is an appeal by the town of Amherst from a decision of the board of taxation which abated the taxes on certain land owned by the plaintiffs. RSA 76:16-a (Supp. 1975). The plaintiffs acquired four contiguous tracts by separate conveyances at different times. The tracts range in size from 11 acres to 122 acres. The town considered two acres of each tract to be a house lot, and assessed this portion at a higher value per acre than the remainder. The board found that the property constituted one tract and contained only one house lot, and it reduced the assessment accordingly. The question is whether the plaintiffs' property should be appraised as one tract or four for taxation purposes.

RSA 75:9 provides: "Whenever it shall appear to the selectmen or assessors that two or more tracts of land which do not adjoin or are situated so as to become separate estates have the same owner, they shall appraise and describe each tract separately and cause such appraisal and description to appear in their inventory." Under this provision two or more tracts having the same owner must be appraised and described separately if they "do not adjoin" or if they "are situated so as to become separate estates." Whether two or more adjoining tracts "are situated so as to become separate estates" is a matter to be determined from all the facts and circumstances of each case. 3 T. Cooley, Law of Taxation § 1068 (4th ed. 1924); Annot., 133 A.L.R. 524, 538 (1941). "There is no hard and fast rule that can be applied universally to guide assessors in determining whether parcels of land are to be

assessed separately or together .... [N]o single factor is decisive of the issue." *Lenox v. Oglesby,* 311 Mass. 269, 271, 41 N.E.2d 45, 46-47 (1942). The expert who appraised the property at the board's request treated it as one parcel. It does not appear that the plaintiffs made distinct uses of the different tracts. The record supports the board's finding that the plaintiffs' land should be appraised as a single property.

The defendant first argues that the board of taxation has no authority to determine methods of assessment. The defendant relies on RSA 71-A:11 IV and V (Supp. 1975), which empower and charge the commissioner of revenue administration to supervise, advice, and instruct assessing officers. In addition RSA 71-A:31 (Supp. 1975) directs the department to prepare "a standard appraisal manual for the use of assessing officials ...." There is no indication in the record that the commissioner has established any rule which governs this case. The board quoted and relied on the long-established rule of the State tax commission, which was the predecessor of both the board of taxation and the department of revenue administration. The town further argues that the board was bound to follow the approach adopted by the town. This argument misconceives the board's statutory authority to review assessments. The statute provides that the board shall hold a hearing if requested and "shall make such order thereon as justice requires." RSA 76:16-a (Supp. 1975); *Trustees of Lexington Realty Trust v. Concord,* 115 N.H. 131, 336 A.2d 591 (1975). The board is not bound to follow the method of valuation adopted by the town. *Concord Natural Gas Co. v. Concord,* 114 N.H. 54, 314 A.2d 679 (1974); *see* J. Hellerstein, State and Local Taxation 136 *et seq.* (3d ed. 1969). The board did not invade the province of either the commissioner of revenue administration or the town by appraising the plaintiffs' land as a single parcel.

The town next argues that the plaintiffs have failed to establish that the disputed assessment is disproportionately higher than that of other property in the town. *Ainsworth v. Claremont,* 106 N.H. 85, 205 A.2d 356 (1964). The plaintiff's "right is to have his property assessed upon the same standard of values as that applied in the taxation of other property in the [town]." *Rollins v. Dover,* 93 N.H. 448, 450, 44 A.2d 113, 115 (1945). The town does not dispute that the assessment would be lower if the property were held by a single deed. The town has increased the assessment by treating the property as four tracts. The board has found that the circumstances of this case do not justify such treatment.

Thus the town has improperly discriminated in favor of persons who hold their property by a single deed and has cast a disproportionate share of the burden of taxation upon the plaintiffs. *Duval v. Manchester,* 111 N.H. 375, 286 A.2d 612 (1971). If there are other persons whose situation is similar to the plaintiffs', justice is served not by preserving the existing discrimination in the plaintiffs' case but by eliminating the present distinction between holdings which consist of a single tract and holdings which are properly treated as a single parcel although held by more than one deed. *Duval v. Manchester supra.*

*Defendant's exceptions overruled.*

All concurred.