# Donald Neun v. Town of Roxbury

[552 A.2d 408]

No. 86-529

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Connarn, D.J. (Ret.), Specially Assigned**

Opinion Filed August 5, 1988

*Richard E. Davis Associates, Inc.*, Barre, for Plaintiff-Appellee.

*Edward A. Miller, Jr.,* and *David J. Blythe*, Northfield, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals the order of the Washington County Superior Court, which held that plaintiff's three contiguous, separately acquired lots should be assessed as a single parcel. We reverse and remand.

The superior court found the following relevant facts, which are unchallenged on appeal. Plaintiff owns property in the town of Roxbury which he acquired in four separate deeds of conveyance. The property acquired in three of the deeds is at issue. It comprises a timber lot of 80 acres, known as the Bugbee lot, and a 106 acre piece acquired by plaintiff in two deeds, of approximately 95 acres and 11 acres respectively. The Bugbee lot is steep, wet in places, and rocky. It has no buildings. It does not border on a road, and access is difficult. Its highest and best use is logging, although that use is marginal because of the steepness of the land and the potential difficulty in removing logs.

The 106 acre piece came to plaintiff in two deeds. It contains the plaintiff's home, a garage and three barns. The valuation of the buildings is not contested. Plaintiff uses this part of his property for farming. It contains 30 acres of pasture, and the remain-

der is wooded. The property is bisected by a town highway, with 60 acres of land below the highway and 46 acres above. Portions of the 60 acres are very steep, and portions of the 46 acres are rolling hills that are difficult to farm. The open land is poor and sloping.

Plaintiff filed a notice of grievance as to the assessment of the 106 acre parcel. The listers reduced the grade adjustment, and plaintiff appealed to the Roxbury Board of Civil Authority, which reinstated the original grade adjustment. Plaintiff then appealed to the superior court.

The superior court addressed the issue of whether the three, separately deeded pieces of property should be assessed separately or as one unit for tax purposes. Treatment as one unit resulted in a lower tax to plaintiff. It noted that 32 V.S.A. § 4152(a) (3) provides that the grand list shall contain "[a] brief description and the listed valuation of each separate piece or parcel of taxable real estate in the town owned by each taxpayer and the total value of all such real estate not exempt from taxation," but it does not define the words "separate piece or parcel." The court concluded on the basis of this Court's holding in *In re Mallary,* 127 Vt. 412, 417, 250 A.2d 837, 840 (1969), that the property should be assessed as one parcel. In *Mallary,* this Court held that properties owned by the petitioner individually could not be listed with properties owned by the petitioner and her husband jointly. *Id.* The trial court in this case concluded that *Mallary* required that one fair market value be allocated to all of the parcels owned by the petitioner and another fair market value to all of the parcels owned by the petitioner and her husband. We do not agree.

While the phrase "separate piece or parcel" is not defined in the statute, this Court has indicated that there are a number of factors to be considered when assessing separate pieces or parcels of taxable real estate owned by a taxpayer. Whether the parcels are contiguous and whether they are of like kind and are put to the same or similar uses are relevant considerations. *Id.* at 417, 250 A.2d at 840. The fact that the parcels were acquired in separate conveyances does not require that they be assessed as separate parcels if they currently form a single tract. *Lantman* v. *Town of Hinesburg,* 133 Vt. 580, 582, 349 A.2d 888, 889-90 (1975). As the Supreme Court of New Hampshire noted: " 'There is no hard and fast rule that can be applied universally to guide asses-

sors in determining whether parcels of land are to be assessed separately or together . . . . [N]o single factor is decisive of the issue.' " *Fearon* v. *Town of Amherst,* 116 N.H. 392, 393-94, 360 A.2d 127, 128 (1976) (quoting *Town of Lenox* v. *Oglesby,* 311 Mass. 269, 271, 41 N.E.2d 45, 46-47 (1942)). All relevant factors must be considered in determining whether or not property should be assessed as a single parcel, including whether the property was conveyed in one deed, the character of the land and the purposes for which it is used, whether separately deeded tracts are contiguous, and whether the property currently functions as one tract for the owner.

Other jurisdictions have used a similar approach. See *City of Augusta* v. *Allen,* 438 A.2d 472, 478 (Me. 1981) (fact that property was of the same character and usage, was contiguous but for a public road running through it, had a single owner and was acquired and conveyed by single metes and bounds description showed assessors could reasonably tax it as a single parcel); *Wiesenfeld* v. *Township of South Brunswick,* 166 N.J. Super. 90, 94-95, 398 A.2d 1342, 1345 (App. Div. 1979) (separately acquired woodlot, contiguous with farm but never functioning as part of farm and subject to independent commercial activity, could not be considered part of farm for purposes of tax assessment).

Because the trial court concluded that this Court's holding in *Mallary* obligated it to treat the three contiguous parcels as one for tax purposes without considering the relevant factors that should enter into such a determination, the judgment of the Washington Superior Court must be reversed and the cause remanded for further proceedings consistent with this opinion.

*The judgment of the Washington Superior Court is reversed and the cause remanded.*