# Frank and Nancy Bullis v. Town of Grand Isle

[561 A.2d 1359]

No. 88-044

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed May 5, 1989

*Gerald W. Desautels,* Burlington, for Plaintiffs-Appellees.

*Spokes, Foley & Peterson,* Burlington, for Defendant-Appellant.

**Allen, C.J.** The Town of Grand Isle appeals from a decision of the State Board of Appraisers, which concluded that taxpayer's four parcels should be assessed as a single parcel. We reverse and remand.

Taxpayers' property consists of four parcels of land totaling nearly 395 acres, all used in the family farming business. The parcel known as the "home place" contains 206.27 acres and 295 feet of lakefront on a channel of Lake Champlain. None of the other parcels, of 100.4, 54, and 34 acres, border on the lake. The parcels do not adjoin each other but are within a mile of the "home place" and of each other.

The Town appraised each parcel separately and assigned a factor based on access, view, location, topography, and other market influences, and applied the factor to land and lakefront schedules it developed from recent sales in the town. The listers appraised the home place and the buildings on all of the parcels at $691,600. The remaining three parcels were set in the grand list at $163,400,

for a total of $855,000. Taxpayers appealed to the Board of Civil Authority, which affirmed the listers' valuations, and then to the Director of the Division of Property Valuation and Review, who assigned it to a panel to serve as the State Board of Appraisers. The Board reversed the decision of the listers and the BCA to tax the four parcels separately, and reduced the aggregate valuation to $652,104. The Town then brought the present appeal.

Both the Town and the taxpayers agree that this case presents the same issues raised and decided in *Neun* v. *Town of Roxbury*, 150 Vt. 242, 552 A.2d 408 (1988), but differ decidedly on how *Neun* should be applied. In that case, as in the case at bar, the guiding statute was 32 V.S.A. § 4152(a)(3), which provides that the grand list shall contain "[a] brief description and the listed valuation of each separate piece or parcel of taxable real estate in the town owned by each taxpayer and the total value of all such real estate not exempt from taxation." The problem here, as in *Nuen*, is that the statute does not define the words "separate piece or parcel." We held in *Neun* that separately acquired, contiguous, commonly owned parcels need not necessarily be treated as one for tax purposes:

> All relevant factors must be considered in determining whether or not property should be assessed as a single parcel, including whether the property was conveyed in one deed, the character of the land and the purposes for which it is used, whether separately deeded tracts are contiguous, and whether the property currently functions as one tract for the owner.

150 Vt. at 244, 552 A.2d at 410

The Town argues that parcels which are between a quarter of a mile and one mile apart cannot be "contiguous," and we agree. The Board first noted that among the definitions of "contiguous" were the phrases "in close proximity" and "neighboring." Though the Board specifically found that the parcels do not adjoin each other, it nevertheless treated them as effectively "contiguous," based on common ownership, use and close association. But properties that do not share a common border are not contiguous. *Hillman* v. *City of Pocatello*, 74 Idaho 69, 71, 256 P.2d 1072, 1073 (1953); *Lakeland Farms Co.* v. *State Tax Commission*, 40 A.D.2d 15, 18, 336 N.Y.S.2d 972, 976 (1972); *Bannard* v. *New York State Natural Gas Corp.*, 448 Pa. 239, 257, 293

A.2d 41, 51 (1972); see also *Wiesenfeld* v. *Township of South Brunswick,* 166 N.J. Super. 90, 94-95, 398 A.2d 1342, 1345 (1979) (contiguous woodland parcel would not be taxed in the same manner as farm parcel unless both appurtenant to and reasonably required for maintenance of farm parcel).

In reaching its decision, the Board stated that it relied on the leading precedent in *Neun, Fearon* v. *Town of Amherst,* 116 N.H. 392, 360 A.2d 127 (1976), commenting that it was "almost exactly in point." But in *Fearon* the properties consisted of one tract, which was acquired by four separate conveyances. We stressed in *Neun* that " '[t]here is no hard and fast rule that can be applied universally to guide assessors in determining whether parcels of land are to be assessed separately or together . . . . [N]o single factor is decisive of the issue.' " 150 Vt. at 243-44, 552 A.2d at 410 (quoting *Fearon,* 116 N.H. at 393-94, 360 A.2d at 128). Taxpayers have not cited, and we cannot uncover, a single case in Vermont or any other jurisdiction in which separate tracts of land — tracts without some common border — are treated as a single parcel for tax purposes, however closely associated the tracts might be in use or ownership and notwithstanding that other factors might have favored single-parcel treatment. See *City of Montpelier* v. *Town of Berlin,* 143 Vt. 291, 293, 465 A.2d 1104, 1105 (1983). The Board's conclusion that 32 V.S.A. § 4152(a)(3) allows noncontiguous tracts to be considered a single parcel is erroneous.

Since this matter will be remanded for reconsideration by the Board and a new value determined, it is not necessary to reach the Town's other two points on appeal, including its contention that the Board failed to determine an appropriate equalization ratio. But since the issue regarding the appropriate ratio could recur and the appeal is already before us, we will indicate for the guidance of the parties that the Town fails to state how it suffered by any failure to address equalization. Taxpayers were assessed as if the equalization ratio were 100 percent. Even if the Town could demonstrate that the true equalization ratio is higher than 100 percent, it could not apply a ratio higher than 100% to any taxpayer. *Brown* v. *Town of Windsor,* 139 Vt. 129, 131, 422 A.2d 1268, 1269 (1980).

The Town also contests the Board's refusal to accord proper value to the 295 feet of lake frontage on the "home place," but without stating specifically what the Board should have found or why its findings on the value of the lake frontage were in error.

506

Since we are reversing on other grounds, it is unnecessary to reach this point, and especially so given the vagueness of the Town's contention.

*Reversed and remanded.*