The Honorable Keith M. Ingram State Representative Post Office Box 1028 West Memphis, Arkansas 72303-1028
Dear Representative Ingram:
I am writing in response to your request for my opinion on the following:
 For assessment purposes, is a parcel of land still contiguous if separated by:
 (a) water;
 (b) public or private road;
 (c) railroad;
 (d) power line; or
 (e) other right of way?
RESPONSE
I assume this question is asked in the context of the listing and valuing of land for general property tax purposes.[1] Assuming further that an Arkansas court would look to other jurisdictions for guidance on this question, it appears that the answer is likely "yes." A right-of-way probably will not defeat contiguity. *Page 2 
It must initially be emphasized that according to my research, a number of factors may bear on the determination whether particular taxable real estate is to be assessed as one parcel or as separate parcels.[2] Contiguity may not alone be determinative. It has nevertheless been stated generally that where lots or lands are contiguous and in one ownership they may be assessed as a unit.Millbrook Farm v. Watson,264 Cal.App.2d 512 516, 70 Cal.Rptr. 745, 747 (1968), citing 133 A.L.R. 524, 538 and noting that a number of other jurisdictions are in accord); Bolen Real Estate Tax Sale,393 Pa. 377, 380, 143 A.2d 339, 340-341 (1958). Indeed, this appears to be the case in Arkansas, according to rules adopted by the Arkansas Assessment Coordination Department. See State of Arkansas Assessment Coordination Department Rules andRegulations (September 25, 2008) at Rule 3.51 (defining "parcel" as "[a]ll contiguous land capable of being conveyed on a single deed, except when that tract of land crosses taxing unit boundaries, township lines, or section lines.")
With regard, then, to contiguity, and your specific question concerning rights-of-way, I must note that I have found no controlling Arkansas case law on this topic. Arkansas cases defining the term "contiguous" generally involve annexation, eminent domain, tax forfeitures, or homestead exemption. Patrick v.McSperitt, 64 Ark. App. 310, 311, 983 S.W.2d 455 (1998). Assuming, however, that our court would look to other jurisdictions for guidance in the context of the assessment of property taxes, I note that the South Carolina Supreme Court has held in this context that as a general proposition, a right-of-way or easement merely provides a means of access over a road and does not convey property ownership which would operate to defeat contiguity.Sonoco Products v. S.C. Dept. of Rev.,378 S.C. 385, 394-95, 662 S.E.2d 599 (2008). The South Carolina court cited several cases involving annexation in support of this proposition: Hoogenboom v. City of Beaufort,315 S.C. 306, 315, 433 S.E.2d 875. 882 (Ct. App. 1992) ("Ordinarily, when a municipality lays out a street over privately owned property, it acquires only a right of way over the property, not fee simple title to it."); Douglas v. Med. Investors, Inc.,256 S.C. 440 445, 182 S.E.2d 720, 722 (1971) ("An easement is a right which one person has to use the land of another for a specific purpose and gives no title to the land on which the servitude is imposed. An easement is therefore not an estate in lands in the usual sense.") *Page 3 
(Citations omitted.) The court also looked to the following cases from other jurisdictions: Reiling v. City of Eagan,664 N.W.2d 403, 408 (Minn.Ct.App. 2003) (recognizing synonymy of terms "abutting" and "contiguous" and concluding contiguity is not affected by the presence of a public thoroughfare for purposes of city's redevelopment tax-increment financing district); City ofAugusta v. Allen, 438 A.2d 472, 478 (Me. 1981) (fact that property was of the same character and usage, wascontiguous but for a public road running through it, had a single owner and was acquired and conveyed by single metes and bounds description showed assessors could reasonably tax it as a single parcel).
Based on what appears to be the general authority in this area, therefore, it is my opinion that the answer to your question is likely "yes." A right-of-way probably will not defeat contiguity.
I believe it is important to mention in closing, however, that as reflected by City of Augusta v. Allen, supra, a number of factors will likely determine whether particular parcels of land are to be assessed separately or together. See also Neun v. Town ofRoxbury, 150 Vt. 242, 552 A.2d 408 (1988); Fearon v.Town of Amherst,116 N.H. 392, 393-94, 360 A.2d 127, 128 (1976). Neun, supra, is particularly instructive. The Vermont Supreme Court in that case held that separately acquired, contiguous, commonly owned parcels need not necessarily be treated as one for tax purposes.Accord Bullis v. Town of Grand Isle,151 Vt. 503, 561 A.2d 1359 (1989). The parcels at issue inNeun were "bisected by a town highway," 150 Vt. at 243, and were considered contiguous, suggesting adherence to the view that a right-of-way does not defeat contiguity.Id. at 242 (referring to the property as "three contiguous, separately acquired lots. . . .") The Vermont statute, similar to Arkansas law, provided that the property tax list shall include a description and valuation of "each separate piece or parcel of taxable real estate in the town owned by each taxpayer. . . ."Id. at 243.[3] Also similar to the Arkansas statute, the Vermont statute did not define the phrase "separate piece or parcel." *Page 4 
The Vermont court nevertheless identified several factors as relevant to the determination of whether parcels should be assessed separately:
 Whether the parcels are contiguous and whether they are of like kind and are put to the same or similar uses are relevant considerations. [Citing In re Mallary, 127 Vt. 412, 417, 250 A.2d 837, 840 1969).] The fact that the parcels were acquired in separate conveyances does not require that they be assessed as separate parcels if they currently form a single tract. [Citation omitted.] As the Supreme Court of New Hampshire noted: "`There is no hard and fast rule that can be applied universally to guide assessors in determining whether parcels of land are to be assessed separately or together. . . . [N]o single factor is decisive of the issue.'" Fearon v. Town of Amherst, 116 N.H. 392, 393-94, 360 A.2d 127, 128 (1976) (quoting Town of Lenox v. Oglesby, 311 Mass. 269, 271, 41 N.E.2d 45, 46-47 (1942)). All relevant factors must be considered in determining whether or not property should be assessed as a single parcel, including whether the property was conveyed in one deed, the character of the land and the purposes for which it is used, whether separately deeded tracts are contiguous, and whether the property currently functions as one tract for the owner.
150 Vt. at 243-244 (emphasis added).
The Vermont court continued by noting that other jurisdictions have used a similar approach. Id. at 244 (citing City ofAugusta v. Allen, supra, and Wiesenfeld v. Townshipof South Brunswick,166 N.J. Super. 90, 94-95, 398 A.2d 1342, 1345 (App. Div. 1979), wherein it was determined that a separately acquired woodlot that was contiguous with a farm, but not functioning as part of the farm and subject to independent commercial activity, could not be considered part of the farm for purposes of tax assessment).
It should therefore be noted that while contiguity undoubtedly is a factor in the assessment process, it may not alone determine whether particular parcels of land are to be assessed separately or together. *Page 5 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM:EAW/cyh
[1] The term "contiguous" may vary in its interpretation and application when dealing with property assessments. E.g., 70C Am. Jur. 2d Special or LocalAssessments § 15 (regarding unit of property assessed) (2009); 72 Am. Jur. 2d State and Local Taxation § 661 (regarding the separate assessment of different parcels belonging to same owner).
[2] Assessors are generally required to estimate and record separately the value of each parcel of real estate. A.C.A. §§ 26-26-717 and-1202 (Rep. 1997).
[3] Arkansas Code Annotated A.C.A. § 26-28-101 (Supp. 2009) provides in relevant part:
 The preparer of the tax books shall make out in books prepared for that purpose a complete list or schedule of all the taxable property in his or her county and the value of the taxable property as equalized and arranged in the following form:
 (1) Each separate tract of real property in the county shall be contained in lines opposite the names of the owners arranged in numerical order. . . .