Rockingham,
No. 5696.

MARK H. WENTWORTH HOME

*v.*

PORTSMOUTH.

Argued February 7, 1968.
Decided March 29, 1968.

*Boynton, Waldron & Dill ( Mr. Wyman P. Boynton* orally ), for the plaintiff.

*John C. Driscoll* ( orally ) for the defendant, filed no brief.

GRIFFITH, J.   This is a petition for abatement of taxes assessed for the year 1964 on certain property of the plaintiff in the city of Portsmouth which the plaintiff claims was exempt from taxation under the provisions of RSA 72:23 V ( supp ).

The Trial Court ( *Dunfey,* J. ) transferred without ruling upon an agreed statement of facts the question whether the parcels in dispute were exempt from taxation.

Plaintiff is a charitable corporation organized in 1911 for the purpose of operating a home for individuals having incurable conditions. An addition to the main building of the plaintiff was constructed in 1928 and the building is principally devoted to the housing of patients. This building is a brick fire resistant structure occupying a portion or parcel of land owned by the plaintiff bounded on three sides by Wentworth Street, Pleasant Street and Melcher Street. It was agreed by the parties that the plaintiff corporation is a charitable corporation entitled to exemption under the provisions of RSA 72:23 V ( supp ) and that the main building above referred to is exempt from taxation by the defendant.

There are three parcels owned by the plaintiff involved in this dispute.

The first is a building called Colcord House located on the opposite side of Pleasant Street from plaintiff's main building and referred to in the agreed statement of facts as Plan 7, Lot 26. Colcord House was acquired by the plaintiff when the third floor of the main building was adapted for occupation by patients.

This floor had previously been used for housing personnel of the Home and Colcord House was acquired to provide housing for the personnel displaced by this change. It presently houses some eleven women nurses or attendants who are charged a nominal rent for the facilities. Its use is advantageous to the Home as a means of securing and maintaining personnel and in addition the proximity of the building to the Home assures the availability of attendants at all times.

The second parcel in dispute involves three lots numbered 117, 118 and 141 on Plan 7. Lots 117 and 141 are on the opposite side of Melcher Street from the Home while Lot 118 extends along Pleasant Street from the back of Lot 117 to Whidden Street, the next street off Pleasant Street after Melcher Street. These lots have been paved and are used as parking facilities for employees of and visitors to the Home.

The third parcel consists of two vacant lots numbered 27 and 30 immediately adjacent on Pleasant Street to the Colcord House.

Plaintiff's claim of exemption is based upon the provisions of RSA 72:23 V ( supp ) which exempts from taxation the following: "The real estate and personal property owned by charitable organizations and societies organized or incorporated in this state or having a principal place of business in this state, and occupied and used by them for the purposes for which they are established, provided that none of the income or profits thereof is used for any other purpose than the purpose for which they are established."

The quoted section was part of changes in the charitable exemption section 23 enacted by Laws 1957, ch. 202. The charitable character of the plaintiff being agreed to we are concerned with considering whether the three parcels in dispute are exempt under the phrase "occupied and used by them for the purposes for which they [the charitable organization] are established." *Ib.* Prior to the 1957 amendment the pertinent portion of section 23 read "occupied by them . . . for the purposes for which they are established." RSA 72:23.

The extent to which the amendment of 1957 changed the tax exemption previously set forth is analyzed in detail in *Appalachian Mountain Club* v. *Meredith,* 103 N. H. 5. In discussing RSA 72:23 V ( supp ) the court pointed out that subsection V must be construed with the provisions in subsection IV and that in order for property to be exempt from taxation it must be "used . . . directly" for the charitable purpose. *Appalachian Mountain*

*Club* v. *Meredith, supra,* 14. This abrogated the rule of *Hedding &c. Association* v. *Epping,* 88 N. H. 321, where it had been held that growing timber owned by a charity either for investment or eventual use for its charter purposes was exempt as an indirect use under the prior statute.

The rule now in effect requires exemption of the first two tracts referred to and denial of exemption to the third. The use of Colcord House serves the purposes of the plaintiff by providing quarters for personnel essential to the furnishing of care, and by assuring their ready availability at all times. "Manifestly, emergencies may arise from time to time during the night requiring immediate attention and which make it necessary to have more nursing personnel available than is actually on nighttime duty." *Cedars of Lebanon Hospital* v. *Los Angeles County,* 35 Cal. 2d 729, 739. The California court held that a nurses home and training school were entitled to exemption under a phrase "property used exclusively for . . . hospital . . . purposes." In general property owned and used by a charitable institution as a residence for employees for reasons of institutional necessity has been held within the exemption of the institution. See *Saint Germaine Foundation* v. *County of Siskiyou,* 212 Cal. App. 2d 911; Annot. 34 A.L.R. 674.

Parking has been described by this court as "obviously an incident of modern . . . travel." *Opinion of the Justices,* 94 N. H. 501, 505. It is equally obvious that a necessary appendage of any building serving the public, whether hospital or supermarket, is parking facilities for visitors and employees to leave the cars in which they arrive. In this area of limited street parking the adjacent parking lots are directly used for the purposes of the plaintiff. We cannot accept the argument of the defendant that plaintiff should be required to pave the gardens in the rear of the main building rather than use the parking lots that are the subject of this dispute. The gardens directly serve the charitable purpose by providing pleasure and use to both non-ambulatory and ambulatory patients.

The vacant lots adjoining the Colcord House stand in a different category. There is no showing that they are being directly used for the charitable purposes of the plaintiff. Even the rule of exemption which governed prior to the 1957 amendment would not have included these lots. *Society of Cincinnati* v. *Exeter,* 92 N. H. 348; *Trustees &c. Academy* v. *Exeter,* 90 N. H. 472,

506. An occupation that was slight, negligible or insignificant would not be within the prior exemption. *Franciscan Fathers* v. *Pittsfield,* 97 N. H. 396, 401. See *Nature Conservancy* v. *Nelson,* 107 N. H. 316.

*Remanded.*

All concurred.