Grafton
No. 81-050

# New Canaan Academy, Inc.

### v.

# Town of Canaan

February 19, 1982

*Donald A. Ingram*, of Hanover, by brief and orally, for the plaintiff.

*Baker, Laney & Hayes*, of Lebanon (*Robert B. Laney* on the brief and orally), for the defendant.

BATCHELDER, J.  New Canaan Academy, Inc., seeks an abatement of taxes assessed for the year beginning April 1, 1977, on the corporation's real estate located in Canaan, New Hampshire, consisting of a forty-two-room house on approximately six acres of land. The plaintiff bases its claim for tax exemption upon the provisions of RSA 72:23 IV, which exempts from property taxation:

> "The buildings and structures of schools, seminaries of learning, colleges, academies and universities organized or incorporated or carrying on their principal activities in this state and owned, used and occupied by them for the purposes for which they are established, including but not limited to the dormitories, dining rooms, kitchens, auditoriums, classrooms, infirmaries, administrative and utility rooms and buildings connected therewith, athletic fields and facilities and gymnasiums, boat houses and wharves belonging to them and used in connection therewith, and the land thereto appertaining . . . ."

The New Canaan Academy claims to be a school for instruction in the meditative arts, which consist principally of sitting meditation, instruction in Tai Chi, and a course entitled Zen Basketball, which, its director testified, may be anything, including dishwashing or Ping-Pong. The question presented is whether the New Canaan Academy is an educational institution—i.e., a school, seminary of learning, college, academy or university—within the meaning of the statute. We hold that, upon the record before him, the Master (*Thomas M. Pancoast*, Esq.) correctly ruled that New Canaan Academy does not come within the four corners of the statute. The master's findings and rulings, approved by the Superior Court (*Johnson*, J.), are accordingly affirmed.

■  The cases in this jurisdiction which have been decided since the adoption of RSA 72:23 IV have, in the words of the master, "involved institutions such as Phillips Exeter Academy, St. Paul's School, Mount Saint Mary's School for Girls and Colby Academy, whose qualifications as seminaries of learning or institutions devoted to educational purposes appear to have been conceded." The term "educational institution" has not been clearly defined in New Hampshire. In *Sisters of Mercy v. Hooksett*, 93 N.H. 301, 42 A.2d 222 (1945), this court, commenting on Mount Saint Mary's College as an institution which conferred degrees, traced the usage of the term in New Hampshire from approximately 1770 and equated a seminary of learning with colleges generally and Dartmouth College in particular, as well as with various preparatory

schools which were springing up in the early 1800's. *See id.* at 303–07, 42 A.2d at 224–26. Without further detailed discussion of what elements are necessary to constitute a seminary of learning, the court merely stated: "We think it clear that 'seminaries of learning' as used in our statute includes Mount Saint Mary College. . . . " *Id.* at 307, 42 A.2d at 226.

In 1876, the court ruled that tax-exempt status under the General Statutes, 49:2, applied to property standing in the name of the Mother Superior of a parochial school in Manchester and held that "[t]his property is devoted exclusively to the purposes of a seminary of learning, the educational course of which comprises all the branches of instruction, both useful and ornamental, usually included in the academic course of the high seminaries for the finished instruction of young ladies." *Warde v. Manchester*, 56 N.H. 508, 509 (1876).

■■ These cases provide sparse background concerning what considerations are necessarily involved in determining what constitutes an educational institution under the statute. After careful consideration and a review of the standards used by other jurisdictions, however, we are convinced that the construction of a bright-line test is impossible; each case will necessarily depend on its own peculiar facts. We propose, however, some general guidelines that may be useful. The first is whether the purposes for which the institution is organized and operated are educational—i.e., intended to develop the faculties and powers and the expansion of knowledge through a systematic course of instruction or schooling as distinguished from the mere communication of facts or ideas, *see Swedenborg v. Lewisohn*, 40 N.Y.2d 87, 94, 351 N.E.2d 702, 706, 386 N.Y.S.2d 54, 58 (1976). Second, the land and buildings in question must be "used and occupied directly for the purposes for which they are organized or incorporated. . . ." RSA 72:23 IV; *see St. Paul's School v. City of Concord*, 117 N.H. 243, 372 A.2d 269 (1977); *Wentworth Home v. Portsmouth*, 108 N.H. 514, 238 A.2d 730 (1968). Third, "none of the income or profits [may be] divided among the members or stockholders or used or appropriated for any other purpose than the purpose for which they are organized. . . ." RSA 72:23 IV. Fourth, although it is not necessary that the training be of the type that would otherwise be furnished by the government, *contra*, *Oasis, Midwest Center for Human Potential v. Rosewell*, 55 Ill. App. 3d 851, 856–57, 370 N.E.2d 1124, 1128 (1977), the task of the taxpayer to prove that he falls within the exemption will be more difficult as the divergence from traditional educational methods and objectives increases.

■■ The plaintiff urges that great weight should be given to a ruling by the Internal Revenue Service that the New Canaan Academy is exempt from federal income taxation because it is an educational institution. *See* I.R.C. § 501(c)(3). We disagree. The certificate of tax exemption is certainly some evidence that an institution is an educational one, but it is not binding on the courts of this State. *See Lawton v. Lawton*, 113 N.H. 429, 431, 309 A.2d 150, 151 (1973); *accord, In re Aloha Foundation, Inc.*, 134 Vt. 239, 241, 360 A.2d 74, 76 (1976). The certificate is only an administrative agency's interpretation of a *federal* statute and need be given no greater weight than an organization's qualification under the statute of another jurisdiction.

■■ At the outset, the burden of proving an institution's entitlement to a tax exemption rests on the applicant. *See Nature Conservancy v. Nelson*, 107 N.H. 316, 319, 221 A.2d 776, 778–79 (1966); *Williams v. Park*, 72 N.H. 305, 311, 56 A. 463, 464 (1903). It is only after the applicant has demonstrated that it is an exempt institution will there generally be "a strong presumption in favor of the judgment of an educational institution's officers as to what uses of land or buildings are necessary to promote the institution's purposes." *St. Paul's School v. City of Concord*, 117 N.H. at 250, 372 A.2d at 274.

■■ The record presented is patently inadequate for a considered judgment as to the taxability of New Canaan Academy's real estate in Canaan. The plaintiff has failed in two major respects. In making determinations in areas of the law such as this, we must be adequately apprised as to what the institution is, in fact, accomplishing, as well as what is proposed, according to its charter, to be accomplished. However laudable the goals of "meeting the separate needs of each individual student and of providing an environment in which the fulfillment of the individual is possible," the decision-making body must be apprised as to how the plaintiff's activities contribute to the education of its members.

■ Furthermore, the plaintiff has failed to offer evidence concerning the use of the building as a residence for certain families that are members of the New Canaan Academy. *See St. Paul's School v. City of Concord*, 117 N.H. at 251–53, 254–55, 372 A.2d at 274-75, 276-77; *Wentworth Home v. Portsmouth*, 108 N.H. at 517, 238 A.2d at 732. Buildings and structures cannot be "used or appropriated for any other purpose than the purpose for which [the institutions] are organized. . . ." RSA 72:23 IV. The master found that "[t]he plaintiff is more akin to an organization for the

communal living of its members." On the record before us, we cannot say that his finding was erroneous as a matter of law. *See Summit Electric, Inc. v. Pepin Brothers Const., Inc.*, 121 N.H. 203, 206, 427 A.2d 505, 507 (1981).

Accordingly, we affirm the trial court and hold that, on this record, the plaintiff has failed to prove its qualifications for tax exemption under RSA 72:23 IV, and that it is, therefore, liable for the taxes assessed that year.

*Affirmed.*

All concurred.