Board of Tax and Land Appeals
No. 2010-045

APPEAL OF DAVID H. JOHNSON
(New Hampshire Board of Tax and Land Appeals)

Argued: September 15, 2010
Opinion Issued: January 26, 2011

*Fernald, Taft, Falby & Little, P.A.*, of Peterborough (*Mark D. Fernald* on the brief and orally), for the petitioner.

*Bradley & Faulkner, P.C.*, of Keene (*Gary J. Kinyon* on the brief and orally), for the Town of Nelson.

HICKS, J. The petitioner, David H. Johnson, appeals a decision of the board of tax and land appeals (BTLA) denying his appeals for an abatement of taxes assessed on his properties in the Town of Nelson. We reverse and remand.

The following facts are recited in the BTLA's decision or are supported by the record. The petitioner owns two properties in Nelson, a 6.01 acre lot on which a single-family home is located and a .02 acre lot with frontage on Lake Nubanusit. The house lot has no road frontage; a 1.4 acre parcel

owned by a third party, on which a house and detached garage are located, lies between the petitioner's house lot and Nubanusit Road. The petitioner's house lot is accessed by a right-of-way on the side of the third party's intervening lot farthest from the petitioner's lakefront parcel.

In 2006 and 2007, the tax years at issue, the Town assessed the land value of both properties owned by the taxpayer at $530,300. It assessed the house at a value of $71,900 and the improvements on the lakefront parcel, namely, two docks and a detached deck, at $8,200. Thus, the total assessed value of the taxpayer's properties was $610,400.

The petitioner filed for an abatement and subsequently appealed to the BTLA. He challenged the joint assessment of his properties on the grounds that: (1) the properties are identified in his deed as two separate tracts and he may legally sell one without the other; and (2) because the lots are not contiguous, they may not be combined for assessment purposes. The petitioner submitted appraisals for the properties that valued his house and adjoining land at $293,000 and his lakefront lot with its improvements at $100,000, for a total of $393,000.

The town defended its assessments on the ground that the highest and best use of the petitioner's two properties is as an assemblage. At the hearing before the BTLA, David Marazoff, who assessed the petitioner's properties in 2006, testified to his opinion that the "valuation [of the petitioner's properties] should be based on assemblage." The BTLA accepted the following explanation of the assemblage doctrine:

> The doctrine of assemblage applies when the highest and best use of separate parcels involves their integrated use with lands of another. Pursuant to this doctrine, such prospective use may be properly considered in fixing the value of the property if the joinder of the parcels is reasonably practicable. If applicable, this doctrine allows a property owner to introduce evidence showing that the fair market value of his real estate is enhanced by its probable assemblage with other parcels.

(Quotation omitted.)

The BTLA denied the petitioner's appeals, noting in its decision:

> It is the board's experience, having heard other appeals of similarly situated properties which have an improved house lot across the street from some smaller water access lot in common ownership, that there is a synergy between the relationship of the Properties and the value of the waterfront lot is captured in the improved lot with the dwelling.

(Footnote omitted.) The petitioner now appeals.

Appeals from decisions of the BTLA are governed by RSA chapter 541. *See Appeal of Walsh*, 156 N.H. 347, 350 (2007). Accordingly, the petitioner, as the party seeking to set aside the BTLA's decision, has the burden of "show[ing] that the same is clearly unreasonable or unlawful." RSA 541:13 (2007). "[W]e will not set aside the [BTLA's] order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable." *Appeal of Walsh*, 156 N.H. at 350 (quotation omitted). "We will set aside an order of the [BTLA] if we find that it misapprehended or misapplied the law." *Id.* at 350-51 (quotation and brackets omitted). Factual findings by the BTLA "are deemed *prima facie* lawful and reasonable." *Appeal of Taylor Home*, 149 N.H. 96, 98 (2003).

This appeal requires us to construe RSA 75:9 (2003). As to matters of statutory interpretation, "we are the final arbiters of the legislative intent as expressed in the words of the statute considered as a whole." *Appeal of Walsh*, 156 N.H. at 355. "When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." *Id.* (citation omitted).

The petitioner first argues that the Town's assessment of both parcels' land value together violates RSA 75:9, which provides:

> **Separate Tracts.** Whenever it shall appear to the selectmen or assessors that 2 or more tracts of land which do not adjoin or are situated so as to become separate estates have the same owner, they shall appraise and describe each tract separately and cause such appraisal and description to appear in their inventory. In determining whether or not contiguous tracts are separate estates, the selectmen or assessors shall give due regard to whether the tracts can legally be transferred separately under the provisions of the subdivision laws including RSA 676:18, RSA 674:37-a, and RSA 674:39-a.

The Town argues that the lots do adjoin for purposes of RSA 75:9 and that "the [p]roperties are *not* so situated as to become separate estates."

The Town first asserts that the petitioner "concedes . . . that if two properties are on opposite sides of a road, they may 'adjoin' for purposes of RSA 75:9," and argues that because the petitioner's right of way to the house parcel "is on the opposite side of the road from the lakefront parcel, the two parcels adjoin.

We have held that the terms " 'adjacent to,' 'adjoining,' and 'contiguous' [are] synonymous and mean[] 'in contact with.' " *Sibson v. State*, 110

N.H. 8, 11 (1969). *But cf. Bethlehem v. Robie*, 111 N.H. 186, 187, 188 (1971) (zoning ordinance prohibiting detrimental uses on " 'adjoining lands' " interpreted as "designed to protect neighborhoods" not just directly adjacent properties). The petitioner's two lots are not in physical " 'contact with' " each other. *Sibson*, 110 N.H. at 11. Rather, they are connected by a private right-of-way over intervening land of a third party and a public right-of-way over Nubanusit Road.

We reject the contention that contact with or connection by a right-of-way renders two lots adjoining for purposes of RSA 75:9. *Cf. People v. Dickinson*, 41 Cal. Rptr. 427, 430 (Dist. Ct. App. 1964) (concluding, in a condemnation case "in which appellants [sought] to unite by an easement two parcels 500 feet apart, in which the fee of the intervening land [was] owned by other persons" that "the easement [was] not adequate to make the two parcels contiguous"). If eventual access between lots by any combination of private and public rights-of-way were sufficient contact for purposes of RSA 75:9, all commonly owned property in a municipality except truly land-locked parcels would "adjoin" for purposes of the statute. RSA 75:9. Such an interpretation would render the statute a virtual nullity and lead to an absurd result. *See Weare Land Use Assoc. v. Town of Weare*, 153 N.H. 510, 511-12 (2006) ("The legislature will not be presumed to pass an act leading to an absurd result and nullifying, to an appreciable extent, the purpose of the statute."). Accordingly, we conclude that the petitioner's lots do not adjoin for purposes of RSA 75:9.

The Town next contends that assemblage of the petitioner's lots does not violate RSA 75:9 because "the [p]roperties are *not* so situated as to become separate estates." We have held that under RSA 75:9, "two or more tracts having the same owner *must* be appraised and described separately if they 'do not adjoin' or if they 'are situated so as to become separate estates.' " *Fearon v. Town of Amherst*, 116 N.H. 392, 393 (1976) (emphasis added). Thus, satisfaction of either the "not adjoining" or "separate estates" prong mandates separate appraisal. Accordingly, because the petitioner's lots do not adjoin, we need not address the second (separate estates) prong of RSA 75:9.

The Town, nevertheless, argues that *Fearon* supports its argument that RSA 75:9 does not preclude assemblage here. It notes that *Fearon* quoted *Town of Lenox v. Oglesby*, 41 N.E.2d 45, 46-47 (Mass. 1942), for the following proposition: "There is no hard and fast rule that can be applied universally to guide assessors in determining whether parcels of land are to be assessed separately or together. No single factor is decisive of the issue." *Fearon*, 116 N.H. at 393-94 (quotation, brackets and ellipsis omitted). It

further asserts that *Lenox* itself "considered the issue of a single assessment of properties separated by a road." Notwithstanding the facts of *Lenox*, a case from outside this jurisdiction, the case in which we cited it involved contiguous parcels. *Fearon*, 116 N.H. at 393. Indeed, when we quoted the proposition again in *Appeal of Loudon Road Realty Trust*, 128 N.H. 624 (1986), we inserted the word "adjoining" to state: "There is no hard and fast rule that can be applied universally to guide assessors in determining whether [adjoining] parcels of land are to be assessed separately or together." *Appeal of Loudon Road Realty Trust*, 128 N.H. at 628 (quotation omitted). We also noted that "the [BTLA] is not necessarily precluded from aggregating *adjoining* parcels for unitary assessment." *Id.* at 627 (emphasis added). We hold that RSA 75:9 prohibits the assemblage of non-adjoining parcels for appraisal and we do not read *Fearon* to be contrary to that holding.

The petitioner next argues that the BTLA erred in rejecting the appraisals he submitted on the grounds that they failed to contain "a thorough highest and best use analysis" because the petitioner's appraiser did not consider "whether the market value of the Properties as a combined, single economic unit exceeded the combination of the values determined in her appraisals." Having concluded that such an assemblage of the petitioner's parcels would violate RSA 75:9, we hold that the BTLA erred in rejecting the appraisals on that basis.

■ ■ The Town contends that a strict interpretation of RSA 75:9 is contrary to RSA 75:1, which requires the appraisal of "all . . . taxable property [not previously listed] at its market value," RSA 75:1 (Supp. 2010), and to the requirement that in abatement proceedings, the BTLA must consider the assessments on all of the taxpayer's property. Even assuming, without deciding, that RSA 75:1 would otherwise require application of the assemblage doctrine to arrive at market value, it does not require it here.

> It is a well-recognized rule of statutory construction that where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the latter will be regarded as an exception to the general enactment where the two conflict.

*State v. Bell*, 125 N.H. 425, 432 (1984). RSA 75:9 explicitly deals with the method of appraising non-adjoining tracts of land. As the more specific statute, it controls over the general statute, RSA 75:1, to the extent the two conflict. *See In the Matter of Heinrich & Curotto*, 160 N.H. 650, 654-55 (2010).

██ The second prong of the Town's argument rests upon the following doctrine:

> When a taxpayer challenges an assessment on a given parcel of land, the [BTLA] must consider assessments on any other of the taxpayer's properties, for a taxpayer is not entitled to an abatement on any given parcel unless the aggregate valuation placed on all of his property is unfavorably disproportionate to the assessment of property generally in the town. Justice does not require the correction of errors of valuation whose joint effect is not injurious to the appellant.

*Appeal of Town of Sunapee*, 126 N.H. 214, 217 (1985) (quotation and citation omitted). Accordingly, the BTLA's failure to follow RSA 75:9 does not, by itself, establish the petitioner's entitlement to an abatement. "While it is possible that a flawed methodology may lead to a disproportionate tax burden, the flawed methodology does not, in and of itself, prove the disproportionate result." *LLK Trust v. Town of Wolfeboro*, 159 N.H. 734, 739 (2010) (quotation and brackets omitted).

Nevertheless, the petitioner presented evidence of a $217,400 increase in the total appraised value of his two properties when valued as an assemblage as compared to when appraised separately, as mandated by RSA 75:9. Thus, this case is the converse of *Fearon*, in which we held:

> The town does not dispute that the assessment would be lower if the property were held by a single deed. The town has increased the assessment by treating the property as four tracts. The board [of taxation] has found that the circumstances of this case do not justify such treatment. Thus the town has improperly discriminated in favor of persons who hold their property by a single deed and has cast a disproportionate share of the burden of taxation upon the plaintiffs.

*Fearon*, 116 N.H. at 394-95. Here, the Town improperly discriminated against persons who own non-adjoining lots, one of which happens to be a lakefront parcel, by assessing the lots together to capture a perceived "synergy," and has cast a disproportionate share of the tax burden on the petitioner.

In light of our holding that RSA 75:9 requires the petitioner's properties to be appraised separately, we find it unnecessary to address the petitioner's arguments related to the joint assessments of other properties or the relation of comparable sales to the combined assessed value of his properties.

*Reversed and remanded.*

DALIANIS, C.J., and DUGGAN and CONBOY, JJ., concurred.