NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Board of Tax and Land Appeals
No. 2013-317

APPEAL OF TOWN OF CHARLESTOWN
(New Hampshire Board of Tax and Land Appeals)

Argued: February 12, 2014
Opinion Issued: July 11, 2014

Gardner, Fulton & Waugh, PLLC, of Lebanon (Adele M. Fulton and Joshua M. Pantesco on the brief, and Ms. Fulton orally), for the Town of Charlestown.

Ramsdell Law Firm, PLLC, of Concord (Michael D. Ramsdell on the brief and orally), for TransCanada Hydro Northeast, Inc.

CONBOY, J. The Town of Charlestown (Town) appeals a decision of the New Hampshire Board of Tax and Land Appeals (BTLA) dismissing its petition for reclassification of current use parcels owned by the taxpayer, TransCanada Hydro Northeast, Inc. (TransCanada). See RSA 79-A:12, II (2012). We affirm.

The record supports the following. In April 2007, TransCanada filed three applications with the Town seeking to have each of three parcels of land it owns in Charlestown receive current use tax assessment status as open space land. See RSA 79-A:5, II (2012). The Town's selectmen approved the

applications and assessed the land value of the three parcels on the basis of their current use from tax years 2007 through 2012.

In November 2012, the Town petitioned the BTLA for reclassification of the three parcels pursuant to RSA 79-A:12, II. The Town alleged that in the course of preparing for a hearing on a separate abatement appeal filed by TransCanada, it discovered that the three parcels are part of the Bellows Falls hydroelectric project. The Town asserted that, "[b]ecause the three parcels are part of a development involving land use for the purpose of generating electricity, they have been improperly classified as open space land under" RSA chapter 79-A. As a result, the Town requested that the BTLA revoke the current use status of the three parcels and require the Town's assessing officials to reclassify the parcels. The Town further requested that the BTLA issue an order requiring the assessing officials to reassess taxes for tax years 2007 through 2012. TransCanada objected, arguing that the three parcels were not improperly classified as open space land.

In a February 2013 decision, the BTLA dismissed the petition, ruling that RSA chapter 79-A (2012 & Supp. 2013) "places direct responsibility on the Town, not the [BTLA], to remove land from current use when the Town discovers land, for which it has already granted current use status, no longer qualifies." The BTLA further ruled that, to the extent the Town sought to invoke RSA 79-A:12, II, the Town's request went "beyond the plain meaning and intent of the statute." The BTLA explained that it has a policy of limiting its authority under RSA 79-A:12, II "to appeals where someone other than the taxpayer who owns the land or the municipality wishes to challenge the municipality's decision to approve the placement of the land in current use or in a specific current use classification," and that it found "no reason to depart from this policy and allow the Town to undo the effect of its own approval of the current use classification." The Town's motion to reconsider was denied, and this appeal followed.

Our standard for review of BTLA decisions is set forth by statute. See RSA 541:13 (2007); RSA 71-B:12 (2012) (providing BTLA decisions may be appealed in accordance with RSA chapter 541). The BTLA's findings of fact are deemed prima facie lawful and reasonable. RSA 541:13; see Appeal of Wilson, 161 N.H. 659, 661 (2011). To prevail, the Town must show by a preponderance of the evidence that the BTLA's decision was clearly unreasonable or unlawful. See id.; see also RSA 541:13. We will not set aside or vacate a BTLA decision "except for errors of law, unless [we are] satisfied, by a clear preponderance of the evidence before [us], that such order is unjust or unreasonable." RSA 541:13.

On appeal, the Town cites a number of alleged errors in the BTLA's decision. We, however, need address only one: whether the BTLA erred by

interpreting RSA chapter 79-A as allowing the Town to reclassify the parcels unilaterally.  The Town maintains that RSA 79-A:7, I-a (2012) "expressly prohibits the Town from unilaterally revoking the current use status of the three parcels of land for any reason except when a change in the land use occurs."  (Emphasis omitted.)  As a result, the BTLA's decision deprived "the Town of any opportunity to correct an improper current use classification," because, in this case, "there is no dispute that TransCanada's use of the three parcels of land has not changed since 2007."  We disagree.

Resolution of this issue requires that we engage in statutory interpretation.  We review the BTLA's statutory interpretation de novo.  Appeal of Wilson, 161 N.H. at 662.  We are the final arbiters of the intent of the legislature as expressed in the words of the statute considered as a whole.  Id.  We begin by examining the language of the statute and ascribe the plain and ordinary meanings to the words used.  See id.  We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language the legislature did not see fit to include.  Id.

RSA chapter 79-A reflects the legislature's determination that it is "in the public interest to encourage the preservation of open space" and "to prevent the loss of open space due to property taxation at values incompatible with open space usage."  RSA 79-A:1 (2012); see Maplevale Builders v. Town of Danville, 165 N.H. 99, 103 (2013).  "To effectuate this purpose, open space land may be taxed at its current use, rather than at its highest and best use."  Maplevale Builders, 165 N.H. at 103; see RSA 79-A:5 (2012).  Land in current use status is subject to a land use change tax when its use is changed to a use that no longer qualifies as current use.  RSA 79-A:7 (2012 & Supp. 2013).  Specifically, RSA 79-A:7, I-a provides that "[l]and which is classified as open space land and assessed at current use values shall be assessed at current use values until a change in land use occurs pursuant to RSA 79-A:7, IV, V, or VI."  The language of the statute makes clear that land classified as open space land which is assessed at current use value cannot be assessed differently from the current use value absent a change in use of the land.  RSA 79-A:7, I-a.

Nothing in the statute, however, prohibits a municipality from reclassifying land that does not qualify for current use status.  Thus, although a municipality can only impose a land use change tax when there has been an actual change in the use of the land, RSA 79-A:7, I (2012); RSA 79-A:7, I-a, nothing in the statute prevents a municipality from reclassifying land improperly placed in current use status in the first instance.  In the event that a municipality reclassifies land in such a circumstance, it may adjust the annual assessment of the land to reflect the reclassification.  See RSA 75:8 (2012).  As the BTLA explained, in such a circumstance, the taxpayer could appeal the municipality's decision.  See RSA 71-B:5, :16 (2012); RSA 76:16-a (2012).

3

We conclude that the BTLA did not err in dismissing the Town's petition for reclassification on the ground that the Town could unilaterally reclassify the land. As the Town agreed at oral argument, we need not address whether the Town can apply the reclassification retrospectively. In view of our decision herein and statements made by the Town's counsel at oral argument that if we so ruled, our ruling would serve as an adequate remedy for the Town, we decline to address the Town's remaining arguments.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.