NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
No. 2015-0671


THE BISHOP OF THE PROTESTANT EPISCOPAL DIOCESE IN
NEW HAMPSHIRE, A CORPORATION SOLE, D/B/A
ST. GEORGE'S EPISCOPAL CHURCH

v.

TOWN OF DURHAM

Argued: September 14, 2016
Opinion Issued: December 9, 2016


Orr & Reno, P.A., of Concord (William L. Chapman on the brief and orally), for the plaintiff.


Mitchell Municipal Group P.A., of Laconia (Laura Spector-Morgan on the brief and orally), for the defendant.


CONBOY, J. The plaintiff, The Bishop of the Protestant Episcopal Diocese in New Hampshire, A Corporation Sole, d/b/a St. George's Episcopal Church (Church), appeals an order of the Superior Court (Houran, J.) denying its summary judgment motion and granting that of the defendant, Town of Durham (Town), based upon a finding that 24 spaces in the Church's parking

lot that are leased to University of New Hampshire (UNH) students are taxable. See RSA 72:23, III (2012). We affirm.

The trial court's order recites the following facts. The Church is located in Durham. Its property includes a church, rectory, "educational wing," land, and a 37–space parking lot. The Church has been leasing spaces in its parking lot to UNH students since 1998. The Church charges students $300 per space, per semester. Under the lease agreement, students are permitted to park in the lot at all times, except: "Sundays, from 7:30 a.m. to 1:00 p.m.; the first Saturday in December; the Saturday after Labor Day; days when the Church hosts weddings, funerals, and other events; and days when it snows or the parking lot requires repair."

Until 2013, the Church received a religious tax exemption under RSA 72:23, III for its entire parking lot. In early 2013, the Town learned that the Church leased spaces to UNH students. At that time, the Town believed students leased 30 of the 37 parking spaces. Accordingly, after determining that the leased parking spaces were no longer exempt from taxation, the Town issued the Church a tax bill.

Sometime thereafter, the Town learned that UNH students leased only 24 spaces and that the students were required to remove their vehicles at times so that the spaces could be used for Church functions. Subsequently, the Town reduced the tax due by 25%. The Town's reduction of the tax due is not an issue for our review in this appeal.

The Church appealed the Town's tax assessment to the superior court. The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of the Town. The trial court reasoned that "if each space was being used and occupied directly by the Church members, visitors, and employees," then the entire parking lot would be tax-exempt. (Quotation omitted.) The court determined that the 13 spaces that are used by only the Church and are not leased to UNH students are tax-exempt. With regard to the 24 spaces leased to UNH students, the court found that they are not tax-exempt because they are not used or occupied directly by the Church. Rather, the leased spaces are occupied and used by UNH students "for their own private and secular purpose and not for the statutory exempted religious purposes of the Church." The trial court found that the Church's use and occupation of the leased spaces, is "too slight and insufficiently significant to warrant an exemption." This appeal followed.

"In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law." Granite State Mgmt. & Res. v. City of Concord, 165 N.H. 277,

282 (2013) (quotation omitted); see RSA 491:8-a, III (2010). "If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." Granite State Mgmt. & Res., 165 N.H. at 282 (quotation omitted). We review the trial court's application of law to the facts de novo. N. Sec. Ins. Co. v. Connors, 161 N.H. 645, 649 (2011).

RSA 72:23 sets forth certain exemptions from real estate and personal property taxation for governmental, religious, educational, and charitable organizations. RSA 72:23 (2012). Paragraph III of the statute exempts from taxation "[h]ouses of public worship . . . , buildings and the lands appertaining to them owned, used and occupied directly for religious training or for other religious purposes by any regularly recognized and constituted denomination." RSA 72:23, III (emphasis added). "The burden of demonstrating the applicability of any exemption shall be upon the claimant." RSA 72:23-m (2012).

There is no dispute that the Church is a "regularly recognized and constituted denomination," or that the parking lot, which the Church owns, is "appertaining" to the Church's buildings. RSA 72:23, III. Thus, the only issue for our review is whether the spaces leased to UNH students are "used and occupied directly" for religious purposes and, therefore, are tax-exempt.

For a religious organization to be deemed to use and occupy property "directly" for religious purposes, its use of the property for those purposes must be more than "slight, negligible or insignificant." Appeal of Liberty Assembly of God, 163 N.H. 622, 634 (2012) (quotation omitted). Property is not exempt when it is used by private individuals "for their own private and secular purposes and not for . . . statutory exempted religious purposes." Alton Bay Camp Meeting Asso. v. Alton, 109 N.H. 44, 49 (1968).

Here, the trial court determined that the Church's use of the leased spaces "is too slight and insufficiently significant to warrant an exemption," and that the UNH students "who occupy and use the spaces," do so "for their own private and secular purpose and not for the statutory exempted religious purposes of the Church." See Alton Bay Camp Meeting Asso., 109 N.H. at 49 (concluding that land owned by a religious association and leased to private individuals, was "occupied and used principally by the [individuals] for their own private and secular purposes and not for the statutory exempted religious purposes of the Association"). As the trial court found, the leased spaces are "used and occupied directly" by the UNH students for "all but about six hours each week, plus special event days and during snow plowing and repair operation." Accordingly, the trial court upheld the Town's determination that the leased spaces do not qualify for an exemption. We find no error in the trial court's decision.

3

In arguing for a contrary result, the Church contends that "an exempt taxpayer may generate revenue from a nonexempt activity and still retain its tax exemption if it uses the revenue for its exempt mission." The Church asserts that "since 1998, the revenue from leasing spaces has averaged about ten percent of the Church's annual revenue. It has served to partially offset the decline in annual giving pledges." The Church's argument is based upon a misreading of our law.

The issue is not how the Church uses the revenue generated by leasing the spaces, but whether the spaces are "used and occupied directly for religious . . . purposes." Appeal of Liberty Assembly of God, 163 N.H. at 630 (quotation omitted). In the charitable exemption context, we have observed that property owned by an exempt organization and rented to private individuals for residential purposes does not necessarily result in the loss of tax-exemption. See The Housing Partnership v. Town of Rollinsford, 141 N.H. 239, 242 (1996). However, for a leased residence to be tax-exempt, "the occupancy of the property must be reasonably necessary for the charitable organization to carry out its mission." Id. (emphasis added). We have yet to apply this "reasonably necessary" test in the religious exemption context, and we need not do so here. The Church does not argue that providing off-campus parking to college students is "reasonably necessary" to carry out its mission.

Rather, the Church asserts that its use and occupation of the leased spaces on Sundays and at other times when the Church holds services and conducts other religious activities meets the statutory threshold for an exemption, because its use is more than "slight, negligible or insignificant." We agree with the trial court, however, that the Church's use of the leased spaces for "about six hours each week" and other limited times constitutes "slight, negligible or insignificant" use of the spaces for the Church's religious purposes.

The Church next contends that its entire parking lot should be exempt, including the leased spaces, because the building that the parking lot serves is exempt. The Church relies upon Granite State Management & Resources, 165 N.H. 277, St. Paul's School v. City of Concord, 117 N.H. 243 (1977), and Wentworth Home v. Portsmouth, 108 N.H. 514 (1968). However, those cases are distinguishable because none concerned the leasing of parking spaces.

The Church also argues that to affirm the trial court's order would require "the Church to let the 24 spaces lie fallow to avoid becoming taxable," which "makes no sense, leads to waste and in no way can be considered sound or reasonable public policy." To the contrary, we hold only that the current leasing of the spaces renders them taxable. We need not address whether a different leasing arrangement would result in a different outcome.

4

For the foregoing reasons, we conclude that the Church did not meet its burden of demonstrating that the leased spaces are exempt.  See RSA 72:23–m.  Finally, having reviewed the record regarding the Church's remaining arguments, we conclude that they warrant no further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.