NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Board of Tax and Land Appeals
No. 2016-0206


APPEAL OF KADLE PROPERTIES REVOCABLE REALTY TRUST
(New Hampshire Board of Tax and Land Appeals)

Submitted: January 17, 2017
Opinion Issued: March 10, 2017


Daniel Kadle, trustee, by brief, for Kadle Properties Revocable Realty Trust.


Thomas P. Mullins, city attorney, by memorandum of law, for the City of Keene.


CONBOY, J. The petitioner, Kadle Properties Revocable Realty Trust (Trust), challenges the dismissal of the Trust's appeal to the New Hampshire Board of Tax and Land Appeals (BTLA), filed after the respondent, the City of Keene (City), denied the Trust's application for an educational use tax exemption. See RSA 72:23, IV (2012). We affirm.

The BTLA's decision and subsequent order denying the petitioner's rehearing motion recite the following facts. The Trust owns property in Keene that includes an office building. A separate, for-profit corporation, Config Systems, Incorporated (Config Systems), rents a portion of the Trust's office building, where it offers computer classes. The Trust does not own or operate

Config Systems, but Daniel Kadle, in addition to serving as trustee for the Trust, is a beneficiary of the Trust and the sole shareholder of Config Systems.

In 2015, the City denied the Trust's request, pursuant to RSA 72:23, IV, for an educational use tax exemption. The Trust sought the exemption based upon Config Systems's use of part of the property as a school. The Trust appealed the City's denial of its request to the BTLA. During the BTLA hearing on the Trust's appeal, the City moved to dismiss the appeal. The BTLA granted the City's motion, reasoning that the property owner, the Trust, is not a school, and that Config Systems—the entity operating the school which the Trust claims qualifies the property for an exemption—does not own the property. The BTLA concluded, therefore, that the property did not qualify for an exemption under RSA 72:23, IV. The Trust sought reconsideration, which the BTLA denied. This appeal followed.

RSA chapter 541 governs our review of BTLA decisions. See RSA 71-B:12 (2012) (providing BTLA decisions may be appealed in accordance with RSA chapter 541); Appeal of Johnson, 161 N.H. 419, 422 (2011). Under RSA 541:13 (2007), we will not set aside the BTLA's decision except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. The BTLA's findings of fact are presumed prima facie lawful and reasonable. RSA 541:13. In reviewing the BTLA's decision, "[o]ur task is not to determine whether we would have found differently than did the board, or to re-weigh the evidence, but rather to determine whether the [board's] findings are supported by competent evidence in the record." Appeal of Taylor Home, 149 N.H. 96, 98 (2003) (quotation omitted). "Although we review the BTLA's findings of fact pursuant to this deferential standard, we review its statutory interpretation de novo." Appeal of Liberty Assembly of God, 163 N.H. 622, 625 (2012) (quotation and brackets omitted).

We begin by noting that the City disputes whether Config Systems operates a school for purposes of exemption under RSA 72:23, IV. However, assuming, without deciding, that Config Systems operates a school, we agree with the City that the BTLA did not err in dismissing the Trust's appeal.

Our conclusion is based upon statutory interpretation. We review the BTLA's statutory interpretation de novo. Appeal of Town of Charlestown, 166 N.H. 498, 500 (2014). We are the final arbiters of the intent of the legislature as expressed in the words of the statute considered as a whole. Id. We begin by examining the language of the statute and ascribe the plain and ordinary meanings to the words used. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language the legislature did not see fit to include. Id.

RSA 72:23 sets forth exemptions from real estate and personal property taxation for governmental, religious, educational, and charitable organizations.

RSA 72:23 (2012). "The burden of demonstrating the applicability of any exemption shall be upon the claimant." RSA 72:23-m (2012). RSA 72:23, IV exempts from taxation "[t]he buildings and structures of <u>schools . . . organized, incorporated or legally doing business in this state and owned, used and occupied by them</u> directly for the purposes for which they are established." RSA 72:23, IV (emphasis added). "It is clear from this language that not only must the school be the entity which owns the property, but it must also be the entity which uses and occupies the property." <u>St. Paul's School v. City of Concord</u>, 117 N.H 243, 258 (1977).

As the BTLA found, the Trust owns the property, but the Trust does not operate the school. Even if we assume that Config Systems operates a school, it is undisputed that Config Systems does not own the property, and, therefore, the property does not qualify for an exemption under RSA 72:23, IV.

The Trust suggests that we have interpreted RSA 72:23, IV as not requiring a school to own the property for which an educational use property tax exemption is sought. The Trust relies upon <u>Wolfeboro Camp School, Inc. v. Town of Wolfeboro</u>, 138 N.H. 496 (1994), and <u>New Canaan Academy, Inc. v. Town of New Canaan</u>, 122 N.H. 134 (1982). In those cases, we interpreted the meaning of the word "school" in RSA 72:23, IV. <u>Wolfeboro Camp School</u>, 138 N.H. at 497-501; <u>New Canaan Academy</u>, 122 N.H. at 136-39. In neither case did we address whether the school must own the property to obtain an exemption.

The Trust also argues that the BTLA erred by not recognizing that the Trust and Config Systems are so closely related that they amount to "one and the same" for the purposes of the educational use tax exemption. (Bolding omitted.) In support of that argument, the Trust asserts that RSA 72:23, V-a permits a property tax exemption if the organization using and occupying the property and the organization that owns the property are jointly owned. We disagree.

RSA 72:23, V-a exempts from taxation:

The real estate and personal property owned by any organization described in paragraphs I, II, III, IV or V of this section and occupied and used by another organization described in said paragraphs, but only to the extent that such real estate and personal property would be exempt from taxation under said paragraphs if such property were owned by the organization occupying and using the property, as long as any rental fee and repairs, charged by the owner, are not in clear excess of fair rental value.

We have explained that this statute deals with the proposition that "real estate owned but not occupied by an organization eligible for an RSA 72:23 tax exemption may still be exempt if the occupying organization is also eligible for the exemption." Appeal of City of Concord, 161 N.H. 344, 353 (2011). Thus, to obtain an exemption under RSA 72:23, V-a, each organization must independently qualify as an exempt organization. RSA 72:23, V-a. Nothing in the statutory language suggests that joint ownership alone satisfies the requirements for a property tax exemption under RSA 72:23, V-a, even when one organization is exempt. Because the Trust does not contend that it is an organization independently eligible for exemption, the Trust's property is not eligible for an exemption under RSA 72:23, V-a.

We are also unpersuaded by the Trust's suggestion that the definition of "own" set forth in RSA 72:29, VI demonstrates that the Trust and Config Systems should be treated as one entity for the purposes of the educational use tax exemption. At the time the Trust sought the exemption, the statute provided that:

> For purposes of RSA 72:28, 29-a, 30, 31, 32, 33, 35, 36-a, 37, 37-a, 37-b, 38-a, 39-a, 62, 66, and 70, the ownership of real estate, as expressed by such words as "owner," "owned" or "own," shall include those who have placed their property in a grantor/revocable trust or who have equitable title or the beneficial interest for life in the subject property.

RSA 72:29, VI (2012) (amended 2016). Thus, the statute expressly delineated the sections of RSA chapter 72 to which the definition applied. RSA 72:23 is not among them. See RSA 72:29, VI. If the legislature had seen fit to include RSA 72:23 in the list of provisions to which RSA 72:29, VI applies, it could have done so. We will not add language that the legislature did not see fit to include. Appeal of Town of Charlestown, 166 N.H. at 500. Because RSA 72:29, VI does not include RSA 72:23, we need not decide whether RSA 72:29, VI operates as the Trust suggests.

Finally, the Trust argues that, because Form BTLA A-9 permits either the owner of the property or the principal occupant to apply for a property tax exemption, it necessarily follows that Config Systems, as principal occupant of the property, may qualify the Trust's property for an exemption under RSA 72:23, IV. The fact that the BTLA form apparently accommodates an application for an RSA 72:23, V-a property tax exemption by a principal occupant does not establish that, in the absence of ownership by a qualifying organization, occupancy by a qualifying organization entitles the property to exemption.

4

For the foregoing reasons, we conclude that the Trust did not meet its burden of demonstrating that its property is exempt.  <u>See</u> RSA 72:23-m. Because the BTLA decision was neither unreasonable nor unlawful, we affirm. <u>See</u> RSA 541:13.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.